1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JUMAH ABDULLAHI THOMAS
     MOORE ALI,
11
             Plaintiff,                    No. CIV S-02-0937 MCE KJM P
12
         vs.
13
     COUNTY OF SACRAMENTO, et al.,
14
             Defendants.                   ORDER
15   _____/

16          Plaintiff is a California prisoner proceeding pro se with an action for violation of

17   civil rights under 42 U.S.C. § 1983.  Several matters are before the court.  The defendants

18   remaining in this action are the County of Sacramento, Blanas, Twomey, Kobayashi, Contini,

19   Daw, Ortiz and Dewsnap.

20   1.  December 1, 2003 Motion To Compel[1]

21          Plaintiff asks that the court order the County of Sacramento to provide further

22   responses to plaintiff's request for production of documents set 1, numbers 2 through 5 and 8

23   through 13.

24   _____

25          [1]  The December 1, 2003 motion and other motions covered by this order were denied
     without prejudice on September 24, 2004, and then renewed at plaintiff's request as of March 17,
26   2006.

                                            1

1    In its response to plaintiff's motion, the County has indicated it will produce non-

2    privileged documents responsive to requests 2, 4, 5, 8, 10, 11, 12 and part of request 13.  To the

3    extent the County has not already done so, the County shall produce such documents within ten

4    days of this order.  The County indicates that it will not produce documents it deems

5    "privileged."  If the County believes any responsive documents are privileged, it shall provide

6    plaintiff with a list of such documents in which the County identifies the documents and the

7    corresponding asserted privileges.  The County is reminded that, to be valid, the privilege must

8    arise under federal, not state law.

9    The County objects that it should not have to turn over documents responsive to

10   requests 3 and 9 and a portion of request 13.  In request 3, plaintiff seeks copies of consent

11   decrees issued by this court against the Sacramento County Sheriff's Department.  In requests 9

12   and the portion of request 13 to which the County objects, plaintiff seeks copies of all civil

13   complaints filed against any remaining defendant.

14   The County will be ordered to respond further to request 3.  The County shall

15   provide plaintiff with copies of any consent decrees issued by this court in which the Sacramento

16   County Sheriff was a party, but only those consent decrees that concern operation of county

17   correctional facilities.  The County's objection in its opposition to plaintiff's motion to compel

18   that it should not have to produce such decrees because the information sought is equally

19   available to plaintiff is not well-taken.  First, this objection was not raised in the County's

20   response to plaintiff's request to produce.  See Fed. R. Civ. P. Rule 34(b).  In any case defendants

21   have not presented anything suggesting how plaintiff could learn of the consent decrees identified

22   above without the help of the County or where plaintiff could obtain copies of the decrees.

23   With respect to requests 9 and 13, the County will be ordered to produce a list of

24   complaints filed in this court or the Superior Court of Sacramento County within the last five

25   years against any defendant remaining in this action, in which the plaintiff therein alleges a

26   violation of his First Amendment rights occurring in a Sacramento County jail facility.  Again,

1  the county objects in its opposition that this information is equally available to plaintiff; this is

2  not a valid objection because the County did not raise it in their response to plaintiff's request to

3  produce.  In its response to plaintiff's request to produce, the County asserted, among other

4  things, that providing the copies of the complaints sought would be burdensome.  However, the

5  County did not expand on this objection, or any other objection raised in its initial response, in

6  opposition to plaintiff's motion to compel.  Based on the record on this motion, the court has no

7  way of knowing the level of burden that would be imposed upon the County because the County

8  chose not to explain the burden to the court.  The County also has not provided enough

9  information to substantiate any of its other objections.

10        Plaintiff asks that the County and its counsel be sanctioned $255.15 under Federal

11  Rule of Civil Procedure 37(a)(4) for expenses related to plaintiff's bringing his motion to

12  compel.  While the court observes that the County's generally evasive and dismissive responses

13  to plaintiff's request to produce contributed to plaintiff's bringing of this motion, plaintiff has

14  failed to adequately account for his expenses in bringing his motion or otherwise show how his

15  case has been prejudiced.  For these reasons, plaintiff's request for sanctions will be denied.

16  2.  December 4, 2003 Motion To Compel

17        In this motion, plaintiff asks that the court compel further responses to particular

18  interrogatories found in interrogatory sets 1 through 10.

19        Plaintiff served the same interrogatories on each defendant except the County of

20  Sacramento.  These interrogatories are identified as sets 1 through 7.  In their opposition, the

21  applicable defendants have indicated that they will respond further to interrogatories 2 and 8.  To

22  the extent they have not already done so, defendants will be ordered to respond to these requests

23  within ten days of this order.

24        In requests 1, 3 through 7 and 9 through 11 in sets 1 through 7, plaintiff seeks

25  information regarding the incomes and assets of each defendant.  In his motion to compel,

26  plaintiff asserts he needs this information, in part, because he seeks punitive damages.

1    Defendants do not object that the information sought is not relevant to plaintiff's

2   demand for punitive damages.  Rather, defendants ask that they not be required to respond to

3   plaintiff's discovery requests until defendants' pending motion for summary judgment is

4   resolved.

5    The court will not require defendants to respond to requests 1, 3 through 7 and 9

6   through 11 in sets 1 through 7 at this time as the information sought is sensitive and does not

7   appear to be necessary for plaintiff to defend against defendants' motion for summary judgment.

8   However, any defendant, except the County of Sacramento, who remains in the case following

9   resolution of defendants' motion for summary judgment shall be ordered to answer requests 1, 3

10  through 7 and 9 through 11 in sets 1 through 7 within thirty days of resolution of the motion for

11  summary judgment.

12    In request 12 of sets 1 through 7, plaintiff asks for the home address and phone

13  numbers of all of the defendants.  Defendants object on privacy grounds and assert that the

14  discovery sought is not likely to lead to the uncovering of admissible evidence.  Here,

15  defendants' objections are well-taken, as plaintiff fails to assert any particular need for this

16  information.  See Fed R. Civ. P. 26(b)(1).  Defendants will not be ordered to respond further to

17  request 12 in sets 1 through 7.

18    Interrogatory sets 8 and 9 are directed to the County of Sacramento.  There are 45

19  interrogatories in set 8 and four more in set 9.  Defendants argue that the County should not be

20  compelled to respond past interrogatory 25 in set 8 because plaintiff did not seek leave to

21  propound more than the 25 interrogatories as required by Federal Rule of Civil Procedure 33(a).

22  Defendants are correct; the limit in Rule 33 will be enforced.[2]

23    Plaintiff asks that the County be ordered to respond to requests 13 through 18 and

24  23 through 25 in set 8.  The County will be ordered to answer requests 13 through 18 and 23

25

26    [2] As noted below, petitioner now seeks leave to propound 50 additional interrogatories
    upon the County.

4

through 24 as these interrogatories could lead to the discovery of admissible evidence regarding plaintiff's claims of religious discrimination. The County's objections to these interrogatories are not well-taken. The County answered interrogatory 25, however, by indicating the County lacks sufficient knowledge to answer the interrogatory. The County will not be ordered to respond further to interrogatory 25 except to verify the response provided thus far if verification has not previously been provided.[3]

Finally, plaintiff asks that defendant Kobayashi be required to provide further responses to interrogatories 1 through 3 in set 10. Kobayashi has indicated that he lacks knowledge to answer requests 1 through 3. Given Kobayashi's straightforward response to these interrogatories, he will not be required to respond further except to verify the responses provided thus far.[4]

Plaintiff asks that defendants be sanctioned $255.15 for expenses incurred by plaintiff in bringing this motion to compel. Here again, plaintiff has failed to adequately account for his expenses or show the manner in which he has been prejudiced by bringing this motion. In any case, as to this motion, the court finds that an award of sanctions would not be just. See Fed. R. Civ. P. 37(a)(4)(A). While defendants' failure to respond to interrogatories 2 and 8 in sets 1 through 7, and 13 through 18 and 23 through 24 in set 8 was improper, so was plaintiff's seeking to compel answers to a large number of interrogatories without first obtaining leave to propound the interrogatories and seeking to compel responses to interrogatories already answered.

3. December 8, 2003 Motion To Compel

Here, plaintiff asks that the court compel defendants Kobayashi, Contini and Ortiz to respond to interrogatories 9 through 12, which are attached to plaintiff's motion as exhibit A.
/////

---

[3] The County, of course, remains under a continuing obligation to supplement its initial response if it learns of additional information to change its initial response. Fed. R. Civ. P. 26(e).

[4] But see note 1 supra.

This motion appears to be repetitive of plaintiff's December 4, 2003 motion.  As such, the motion will be denied.

4.  December 22, 2003 Request to Modify Scheduling Order

Plaintiff asks that the scheduling order be modified so that plaintiff can conduct more discovery.  Plaintiff has not shown any need for more discovery, and in particular has not argued that any discovery obtained through his motions to compel will lead to the need for further discovery.  The court notes that there is a motion for summary judgment pending.  After resolution of the motion, and if necessary, the court will grant the parties time to file amended pretrial statements and set a new trial date.

5.  December 22, 20003 Request For Protective Order

Defendants filed a motion for a protective order in conjunction with their opposition to plaintiff's December 4, 2003 motion to compel.  In light of the resolution of the motion to compel, the motion for a protective order will be denied without prejudice to renewal within ten days of resolution of the pending motion for summary judgment.

6.  January 5, 2004 Request To Serve 50 More Interrogatories

Plaintiff asks permission to propound 50 more interrogatories upon defendant County of Sacramento.  Plaintiff's request will be denied as plaintiff has failed to show any specific need for more interrogatories.[5]

7.  February 12, 2004 Motion To Compel

In this motion, plaintiff asks that the court compel defendant County of Sacramento to provide further responses to requests 1 through 4 in plaintiff's third set of requests for production.

/////

---

[5] As noted above, petitioner already served more than 25 interrogatories upon the County in violation of Rule 33 of the Federal Rules of Civil Procedure, without seeking leave to do so in advance.

1    In requests 1, 2 and 4, plaintiff seeks documents filed in particular court actions,

2  which plaintiff identifies by name.  The court will not compel the County to provide these

3  documents because it appears that they are publicly available to plaintiff.  Plaintiff should contact

4  the Clerk of the Court where each action was filed in order to obtain copies of documents filed in

5  that action.

6    Request 3 is a general request seeking copies of all civil actions filed in certain

7  venues over the past ten years, in which the claims involve deprivation of First Amendment

8  religious free exercise rights or Eighth Amendment violations based on "illegal transfers."[6]  This

9  request is similar to, although narrower than, request number 9 contained in plaintiff's first set of

10  document requests, covered by his December 1, 2003 motion to compel addressed above.  Given

11  the court's resolution of the earlier request number 9, a response to this request 3 will not be

12  compelled.

13    In his motion, plaintiff also asks that the County be ordered to verify its answer to

14  request to produce number 5 in plaintiff's third set of requests for production.  Rule 34 of the

15  Federal Rules of Civil Procedure, which concerns requests to produce, does not require that a

16  party verify its responses to requests to produce.  Plaintiff is informed, however, that Rule 11 of

17  the Federal Rules of Civil Procedure attaches significance to the signing of any court paper by a

18  party or an attorney.  Plaintiff may wish to refer to Rule 11.

19    Finally, plaintiff requests that the County be sanctioned for its response to

20  plaintiff's third set of requests for production.  Based on the court's resolution of this motion,

21  there is no cause for sanctions.

22  8.  April 9, 2004 Motion For Summary Judgment

23    Defendants' motion for summary judgment is pending before the court.  In light of

24  the fact that the court will order certain defendants to respond further to some of plaintiff's

25

26    [6] Plaintiff's complaint does not state a claim upon which relief can be granted under the
Eighth Amendment for "illegal transfers."

7

1   discovery requests, defendants' motion will be denied without prejudice.  Defendants may renew

2   their motion no earlier than sixty days and no later than ninety days from the date of this order.

3   Defendants either may file an amended motion or renew the one previously filed by filing a

4   notice of such renewal.

5   9.   Motions Related to Trial

6            Plaintiff has filed several motions concerning trial including: (1) an April 9, 2004

7   request that the court appoint expert trial witnesses; (2) an April 9, 2004 request that plaintiff be

8   allowed to pray during trial; (3) an April 9, 2004 request that plaintiff be allowed to appear at

9   trial in non-prison attire and without physical restraints; (4) an April 9, 2004 request that plaintiff

10  be allowed to submit supplemental voir dire questions; (5) an April 9, 2004 request that plaintiff

11  be allowed to be seated next to jurors during trial; and (6) a July 16, 2004 motion for a court

12  order requiring attendance of incarcerated witnesses at trial.  All of these motions will be denied

13  without prejudice to renewal after the court rules upon defendants' motion for summary

14  judgment.

15  10.  Plaintiff's April 9, 2004 and June 28, 2006 Motions For Transfer To A Prison Closer To
        Sacramento, Other Than The Sacramento County Jail
16

17           Plaintiff seeks transfer from High Desert State Prison in Susanville to a prison

18  closer to Sacramento.  At the same time, in a separate request filed April 9, 2004, he requests that

19  he not be housed in a Sacramento County Jail facility while this action is pending.  Generally

20  speaking, plaintiff has no right to be housed at a particular California prison, Meachum v. Fano,

21  427 U.S. 215 (1976), and plaintiff has failed to show any valid legal basis for transfer.  Although

22  he speculates that he could be harmed at the jail, he does not provide information to suggest that

23  his fears are well-founded.  His April 9, 2004 and June 28, 2006 motions will be denied.

24  11.  Plaintiff's April 9, 2004 Request That The Court Appoint An Investigator

25           Plaintiff asks that the court appoint an investigator to help plaintiff investigate his

26  claims.  Plaintiff fails to cite any valid authority in support of his request.  While the court can

8

1 | request that an attorney represent plaintiff, the court has already done so in this case to no avail.

2 | See Docket Entry #134.

3 | 12.  Plaintiff's Motion Related To Composition Of His Pretrial Statement

4 |    Plaintiff has filed a motion and several documents relating to the composition of

5 | his pretrial statement.  This motion will be denied without prejudice.  After the court rules on

6 | defendants' motion for summary judgment, and if the case is then set for trial, plaintiff will be

7 | provided the opportunity to submit an amended pretrial statement.

8 | 13.  Plaintiff's November 29, 2006 Motion To Set Case For Trial

9 |    Plaintiff asks that this case be set for trial.  As demonstrated above, this action is

10 | not ready for trial.  Plaintiff's motion will be denied and this action will be set for trial if and

11 | when appropriate.

12 | 14.  Plaintiff's December 18, 2006 Motion To Disqualify Judge England and Judge Brennan

13 |    Plaintiff asks that Judge England and Magistrate Judge Brennan disqualify

14 | themselves from this action.  Plaintiff has not provided any valid reason in support of his request

15 | as to Judge Brennan.  See 28 U.S.C. § 455.  Furthermore, Judge Brennan is not assigned to this

16 | action.  Plaintiff's motion will be denied as to Judge Brennan.[7]

17 | 15.  Cautioning Advisement

18 |    A review of the file in this case discloses two matters of concern:  (1) Plaintiff has

19 | filed far too many motions, most of which are frivolous and the resolution of which ends up

20 | extending the life of this case, and (2) defendants have not responded appropriately to at least

21 | some of plaintiff's discovery requests.  Plaintiff is cautioned that if he continues to file frivolous

22 | motions, he is likely to be sanctioned, possibly with dismissal of this action.  Defendants are

23 | cautioned that if they fail to adhere faithfully to the Federal Rules of Civil Procedure regarding

24 | discovery in the future, monetary sanctions could well be imposed.

25 | 
26 |    [7]  Judge England has issued a separate order regarding the disqualification motion as to him.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's December 1, 2003 motion to compel is granted in part and denied in part as follows:

a.   Within ten days of this order, and to the extent it has not already done so, defendant the County of Sacramento shall provide plaintiff with documents responsive to plaintiff's set one requests to produce 2, 4, 5, 8, 10, 11, 12 and 13 as the County indicated it would in its December 15, 2003 opposition to plaintiff's December 1, 2003 motion to compel.  If the County believes in good faith that any responsive documents are privileged, the County shall provide plaintiff with a list of such documents in which the County identifies the documents and the corresponding asserted privileges, also within ten days of this order.

b.   Within ten days of this order, defendant the County of Sacramento shall provide plaintiff with copies of any consent decrees issued by this court where the Sacramento County Sheriff was a party and where the decree concerns operation of county correctional facilities.

c.   Within ten days of this order the County shall produce to plaintiff a list of complaints filed in this court or the Superior Court of Sacramento County within the last five years against any remaining defendant where the plaintiff therein alleges a violation of his First Amendment rights occurring in a Sacramento county jail facility.

d.  Plaintiff's motion is denied in all other respects.

2.  Plaintiff's December 4, 2003 motion to compel is granted in part and denied in part as follows:

a.   Within ten days, the County of Sacramento shall provide verified responses to interrogatories 13 through 18 and 23 through 25 in interrogatory set 8; and

b.  Plaintiff's motion is denied in all other respects.

3.  To the extent they have not already done so, defendants Blanas, Twomey, Kobayashi, Contini, Daw, Ortiz and Dewsnap shall provide verified responses to interrogatories

2 and 8 in interrogatory sets 1 through 7 within ten days of this order.

       4.   Any defendant, except the County of Sacramento, who remains in the case following resolution of defendants' motion for summary judgment shall provide verified responses to interrogatories 1, 3 through 7 and 9 through 11 in interrogatory sets 1 through 7 within thirty days of resolution of the motion for summary judgment.  If defendants seek a protective order with respect to the terms of dissemination of the information sought by plaintiff in these interrogatories, defendants shall file a proposed protective order within ten days of the resolution of defendants' motion for summary judgment.

       5.   Plaintiff's December 8, 2003 motion to compel is denied.

       6.   Plaintiff's December 22, 2003 motion to modify the scheduling order is denied.

       7.   Defendants' December 22, 2003 motion for a protective order is denied.

       8.   Plaintiff's January 5, 2004 request to propound 50 additional interrogatories upon the County of Sacramento is denied.

       9.   Plaintiff's February 12, 2004 motion to compel is denied.

       10.  Defendants' April 9, 2004 motion for summary judgment is denied without prejudice.  Defendants may renew their motion no earlier than sixty days and no later than ninety days from the date of this order.

       11.  Plaintiff's April 9, 2004 request that the court appoint expert witnesses for trial is denied without prejudice.

       12.  Plaintiff's April 9, 2004 request that plaintiff not be housed in a Sacramento County Jail facility during the pendency of this action is denied.

       13.  Plaintiff's April 9, 2004 request that plaintiff be allowed to pray during trial is denied without prejudice.

       14.  Plaintiff's April 9, 2004 request that plaintiff be allowed to appear at trial in non-prison attire and without physical restraints is denied without prejudice.

1    15.  Plaintiff's April 9, 2004 request that plaintiff be allowed to submit

2  supplemental voir dire questions is denied without prejudice.

3    16.  Plaintiff's April 9, 2004 request that plaintiff be allowed to be seated next to

4  jurors during trial is denied without prejudice.

5    17.  Plaintiff's July 16, 2004 motion for a court order requiring attendance of

6  incarcerated witnesses at trial is denied without prejudice.

7    18.  Plaintiff's April 9, 2004 request for transfer is denied.

8    19.  Plaintiff's June 28, 2006 request for transfer is denied.

9    20.  Plaintiff's April 9, 2004 request that the court appoint an investigator for

10  plaintiff is denied.

11    21.  Plaintiff's July 28, 2004 request to supplement his pretrial statement is

12  denied.

13    22.  Plaintiff's July 28, 2004 request for an extension of time to file exhibits to his

14  pretrial statement is denied.

15    23.  Plaintiff's November 19, 2006 motion that this action be set for trial is

16  denied.

17    24.  Plaintiff's December 18, 2006 request that Judge Brennan be disqualified

18  from this action is denied.

19  DATED:  March 30, 2007.

20

21

22  1
   ali0937.abs(2)

23                                          _____
                                            U.S. MAGISTRATE JUDGE
24

25

26

                                    12