IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUMAH ABDULLAH THOMAS
MOORE ALI,

      Plaintiff,               No. CIV S-02-0937 MCE KJM P

  vs.

COUNTY OF SACRAMENTO, et al.,     ORDER AND

      Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendants are the County of Sacramento (County) and current and former employees of the County. Several matters are before the court.

1. June 15, 2007 Order To Show Cause

        On June 15, 2007 the court ordered counsel for defendants to show cause why sanctions in the amount of $100 should not be imposed, for counsel's raising objections for the first time on a motion for reconsideration. Counsel has not shown that sanctions should not be imposed, but rather has conceded that the objections were not raised in a timely fashion or as otherwise provided by local rule. Therefore, for reasons identified in the court's June 15, 2007 order to show cause, and under Federal Rule of Civil Procedure 11 and Local Rule 11-110,

1

counsel for defendants will be ordered to pay $100 in sanctions to the Clerk of the Court within ten days of this order.

2. "Three Strikes"

On July 17, 2007, defendants filed a motion asking that this matter be dismissed pursuant to 28 U.S.C. § 1915(g). Title 28 U.S.C. § 1915 dictates when the court may allow litigants to proceed in forma pauperis. Title 28 U.S.C. § 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of physical injury.

This action was filed by plaintiff on May 1, 2002. His request to proceed in forma pauperis was granted on July 12, 2002.

Defendants' counsel points to several cases in an attempt to show that plaintiff is barred from proceeding in this action in forma pauperis. In most of the cases cited by defendants, judgment was entered after this case was filed. Because a finding in those cases that the action brought was either frivolous, malicious or failed to state a claim upon which relief can be granted did not occur prior to plaintiff bringing this action, those findings cannot count as "strikes" under § 1915(g). The only "strike" identified by defendants is CIV-S-01-2003 GEB DAD P. That case was dismissed for failure to state a claim on December 20, 2001. Decl. of Jeri Pappone, Ex. B at 1-8. Because there is no other evidence of § 1915(g) "strikes" in the court's record, the court will recommend that defendants' motion to dismiss based on 28 U.S.C. § 1915(g) be denied.

3. Defendants' July 30, 2007 Motion For Summary Judgment

This action is proceeding on plaintiff's second amended complaint filed May 22, 2002. In his second amended complaint, plaintiff alleges that between January 29, 1999 and May 2, 2001, defendants failed to make certain accommodations to allow plaintiff to practice Islam while incarcerated by Sacramento County. Plaintiff also takes issue with the fact that he had

been transferred between Sacramento County's jails several times during that period of time. Finally, he alleges he was retaliated against for filing prisoner grievances. Based upon these facts plaintiff alleges defendants have violated his rights arising under the Free Exercise Clause of the First Amendment, the Freedom of Speech Clause of the First Amendment and the Eighth Amendment. Second Am. Compl. at 16.

In their motion for summary judgment, defendants argue, among other things, that plaintiff has not exhausted administrative remedies with respect to any of his claims. According to the Ninth Circuit Court of Appeals, a finding that an inmate-plaintiff has failed to exhaust administrative remedies is not a judgment on the merits of his claims. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Therefore, a court should not grant summary judgment after such a finding. Id. Instead, courts should dismiss the plaintiff's claims without prejudice. Id. at 1120.

The court's authority to dismiss a complaint where a plaintiff has failed to exhaust administrative remedies arises under Rule 12(b) of the Federal Rules of Civil Procedure. Id. at 1119. In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1120.

The exhaustion requirement is rooted in the Prison Litigation Reform Act, which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Failure to exhaust is an affirmative defense that the defendants have the burden of proving. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U. S. 810 (2003).

/////
/////
/////
/////

The grievance process in the Sacramento County jails consists, in relevant part, of the following steps:

> 1. The inmate directs his problem to the appropriate "Housing Unit Officer."
>
> 2. If the Housing Unit Officer cannot or does not resolve the problem, the inmate can file a formal grievance with any jail deputy within five days of the incident grieved.
>
> 3. An inmate can appeal the decision rendered on his grievance, within five days of receipt of the decision, to the Main Jail Commander.

Decl. of C. Scott Harris, Jr. at ¶ 11, Exs. B & F.

Defendants present evidence indicating that plaintiff never submitted any appeals to the Sacramento County Main Jail Commander regarding anything at issue in this action. Decl. of Jerri Pappone ¶ 6 & Ex. C. Therefore, defendants argue plaintiff has not exhausted administrative remedies available to him in the Sacramento County jails.

Plaintiff argues in opposition to defendants' assertion that he did exhaust administrative remedies by filing a "county tort claim." See Opp'n at 13:12-19 & Second Am. Compl. ¶ 123. However, nothing before the court suggests that filing a "county tort claim" exhausts the administrative procedures described above.

Plaintiff also asserts "[t]his court has recently ruled against the defendants' motion to dismiss and found that the plaintiff satisfied the requirement of exhaustion of administrative remedies . . ." Opp'n at 13:15-17. This characterization of the court's prior determination is incorrect. In findings and recommendations concerning a motion to dismiss brought by defendants, the court found as follows:

> In their Reply to plaintiff's Opposition to Defendants' Motion to Dismiss, defendants claim this action should be dismissed because plaintiff failed to exhaust the inmate grievance process before bringing this action. It is generally not appropriate to raise new arguments in a reply brief as the opposing party does not have an opportunity to respond. In any case, even if the court were to reach defendants' exhaustion argument, plaintiff's claims are against

4

> county, not CDC officials, making the grievance process prescribed by Cal. Code Regs. tit. 15, § 3084.1, et seq. inapplicable.  Reply at 4.  Even if the County makes available administrative remedies it believes plaintiff should have exhausted under 42 U.S.C. § 1997e, defendants have not met their burden of demonstrating failure to exhaust.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

Findings and Recommendations filed Aug. 13, 2003; see also Order filed Sept. 18, 2003 (adopting Findings and Recommendations in full).  In other words, the court did not reach defendants' failure to exhaust argument because it was not properly raised and found, in any event, that the evidence before the court was not sufficient to establish failure to exhaust.  The court never asserted or implied that plaintiff has in fact satisfied the exhaustion requirement.

      The court notes that when this action was filed on May 1, 2002, plaintiff resided in the California Department of Corrections and Rehabilitation (CDCR).  Second Am Compl. ¶ 117.  While it is not entirely clear, the court assumes that when plaintiff entered CDCR custody, he could no longer file grievances with Sacramento County.  Therefore, literally speaking, administrative remedies were no longer available to plaintiff concerning his claims when he filed this action.  However, even if plaintiff could no longer submit a grievance to Sacramento County Jail officials when this action was filed, plaintiff's claims cannot survive.  For an inmate to have "properly" exhausted administrative remedies he must comply with the applicable detention facility's deadlines and other critical procedural rules.  Woodford v. Ngo,126 S. Ct. 2378, 2386-87 (2006); 42 U.S.C. § 1997e(a) (requiring "proper" exhaustion).  At least some of plaintiff's complaints date back to early 1999, after which he would have had time to comply with the Sacramento County Sheriff's deadlines regarding the filing of grievances or appeals of those grievances.  He did not.

      In light of the foregoing, the court finds that plaintiff has not exhausted available administrative remedies with respect to any of his claims as required by 42 U.S.C. § 1997e(a).  Therefore, his second amended complaint should be dismissed without prejudice and the court need not reach the other arguments in defendants' motion for summary judgment.

4. <u>Request For Judicial Notice</u>

With their motion for summary judgment, defendants filed a request that the court take judicial notice of plaintiff's second amended complaint and a copy of a New York Supreme Court case. Although documents can be used to establish facts, the court may take judicial notice only of facts, not documents. Fed. R. Evid. 201. In any event, the court can and has considered the complaint and the case provided, giving both appropriate weight. Defendants' request will be denied.

5. <u>Plaintiff's September 24, 2007 Motion For Injunction</u>

Plaintiff has filed a motion asking that the court order counsel for defendants to return to plaintiff all copies of medical records in their possession that pertain to this action, that the court refrain from considering and disclosing all of plaintiff's medical records submitted by defendants in support of their motion for summary judgment, and further that the court order defendants to pay plaintiff $250,000 for illegally obtaining and releasing plaintiff's medical records. With respect to his request for return of his records and his request for money damages, plaintiff's recourse is to file a separate lawsuit because his claims in this respect are not covered by the pending causes of action. With respect to his request that the court not consider or disclose the records in any respect, the court has not considered any medical records submitted by defendants in determining that this matter should be dismissed for failure to exhaust administrative remedies. Moreover, defendants correctly observe that plaintiff has filed his own medical records with the court in support of some of his motions, with the result that he has waived a claim of privacy with respect to those documents at least. <u>See</u>, <u>e.g</u>., Docket No. 127 (Opp'n to Summ. J. & Exs.). Because plaintiff has not identified a set of records implicating his privacy concerns that only defendants have filed, the court is not able to determine whether his waiver extends to the particular documents covered by his request for injunctive relief. Therefore, the court will recommend that plaintiff's September 24, 2007 request for an injunction
/////

be denied without prejudice to identification of specific documents that plaintiff in good faith believes should be sealed. <u>See</u> Local Rules 39-140, 39-141.

6. <u>Plaintiff's Motions For Appointment of Counsel</u>

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Counsel for defendants shall pay $100 in sanctions to the Clerk of the Court within ten days of this order.

2. Plaintiff's motions for the appointment of counsel (#185 & #196) are denied.

3. Defendants' July 30, 2007 request for judicial notice (docket no. 164-3) is denied.

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (#162) be denied;

2. Plaintiff's request for an injunction (#182) be denied;

3. Defendants' "motion for summary judgment" (#164) be granted; and

4. This case be dismissed without prejudice for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 14, 2008.

_____
U.S. MAGISTRATE JUDGE

1
ali0937.57