IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUMAH ABDULLAHI THOMAS MOORE ALI,

    Plaintiff,

vs.

COUNTY OF SACRAMENTO, et al.,

    Defendants.

No. CIV S-02-0937 MCE KJM P

ORDER

/

    On June 17, 2008, the court dismissed this action filed under 42 U.S.C. § 1983 for plaintiff's failure to exhaust administrative remedies. On October 9, 2009, the Ninth Circuit Court of Appeals vacated that order and remanded.

    The Ninth Circuit ordered that the court exercise its discretion whether to consider plaintiff's argument that the grievance process at the Sacramento County Jail has only two rather than three steps; an argument the Ninth Circuit found was raised for the first time in plaintiff's objections to the findings and recommendations issued February 15, 2008 by Magistrate Judge Kimberly J. Mueller.

///

1

1          The court now exercises its discretion whether to consider the argument referenced above and declines to consider it. Plaintiff was on clear notice of defendants' assertion in their "motion for summary judgment" that the grievance procedure at the Sacramento County Jail has three steps and that the last step is that the grievance be filed with the facility commander. See Defs.' July 30, 2007 Mot. For Summ. J. at 6:5-16. While the Ninth Circuit has indicated that pro se litigants cannot be held to the same standards as attorneys when it comes to proceeding in a civil action, Brown v. Roe, 279 F.3d 742, 745 (9th Cir. 2002), the documents filed by plaintiff in this action (e.g. plaintiff's September 27, 2004 opposition to defendants' motion for summary judgment) demonstrate that plaintiff was easily capable of understanding the relatively simple proposition put forward by defendants that the grievance procedure at the Sacramento County Jail has three steps–the last of which being that the grievance must be filed with the facility commander–despite the fact that plaintiff is not a lawyer. That being the case, there is no good reason for plaintiff waiting until his objections to the magistrate judge's findings and recommendations to argue that the grievance process had only two steps and even pro se litigants must, generally speaking, present all facts and arguments to a magistrate judge hearing any particular motion. See U.S. v. Howell, 231 F.3d 615, 622 (9th Cir. 2000).

          Even if the court did consider plaintiff's argument that the grievance process only has two steps, the argument would be rejected as the evidence before the court establishes that the grievance procedure has three steps. Essentially, plaintiff asserts that the evidence presented by the defendants as to the steps involved in the grievance process is contradictory. It is not.

          Plaintiff suggests that the grievance process in the Sacramento County Jail is limited to the steps identified in the "Main Jail Inmate Handbook" attached as Exhibit B to the declaration of Chief Deputy Scott Harris. The "Handbook" indicates as follows with respect to prisoner grievances:

///

///

I.   Inmate Grievances

    1.   Any complaints or suggestions should be politely directed to your Housing Floor Officer. If the officer cannot or does not resolve the situation to your satisfaction, you may request a

grievance/suggestion form and file the completed form with the Housing Floor Officer.

        a.   Grievances/Suggestions regarding facility policy may be filed at any time.

        b.   All other grievances must be filed within ten days of the occurrence.

    2.   Completed grievance forms should be given to the Housing Floor Officer who will read, sign, date and return the pink copy of the form to you.

    3.   Grievances regarding officer conduct may be mailed directly to the Facility Commander as confidential mail.

    4.   Replies to grievances will be returned to you within fifteen days from the time they are received.

While language in the "Handbook" identifies how the grievance process is initiated, there is nothing in the handbook indicating when the grievance process ends. If there were no other information before the court as to when the process ends, the court would find that the grievance process ends when the "reply" identified in point 4 is delivered. However, there is more information available.

Defendants provided a copy of the reply form referenced in point 4. Decl. of Scott Harris, Ex. E. At the bottom of the form, after the space provided to the appropriate officer to reply to an inmate grievance, it reads: "APPEALS MUST BE IN WRITING AND DIRECTED TO THE FACILITY COMMANDER WITHIN FIVE (5) DAYS." Id. Chief Deputy Harris confirms in his affidavit that the final step of the grievance process at the Sacramento County Jail is for the inmate to submit an appeal to the facility commander. Decl. of Scott Harris, ¶ 11.

///

Finally, defendants provided a copy of Sacramento County Jail Operations Order 9/20 which also indicates that the final step in the grievance process is the appeal filed with the facility commander. Decl. of Scott Harris, Ex. F.

    For the reasons stated in the magistrate judge's February 15, 2008 findings and recommendations, this court's June 17, 2008 order and for the reasons stated herein, IT IS HEREBY ORDERED that:

    1. Defendants' July 30, 2007 "motion for summary judgment" is granted; and

    2. This action is dismissed without prejudice for failure to exhaust administrative remedies.

Dated: October 21, 2009

                        MORRISON C. ENGLAND, JR.
                        UNITED STATES DISTRICT JUDGE